1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIMBERLEY A SCHEMBRI,                    No.  2:23–cv–00184–DJC–KJN PS

12                   Plaintiff,               ORDER GRANTING IFP REQUEST AND
                                             GRANTING LEAVE TO AMEND
13          v.

14   FBI SACRAMENTO, ET. AL.,

15                   Defendants.

16

17          Plaintiff, proceeding without counsel in this action, requests leave to proceed in forma

18   pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an

19   action "without prepayment of fees or security" by a person who is unable to pay such fees).

20   Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

21          However, the determination that a plaintiff may proceed without payment of fees does not

22   complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any

23   claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or

24   seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal

25   court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United

26   Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

27
     ───────────────
     [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
28   E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

                                                 1

1    I.    Legal Standards

2         Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7

3   (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is

4   to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

5   appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31

6   (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be

7   given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

8                A.   Federal Notice Pleading and a Complaint's Failure to State a Claim

9         Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the

10   court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is

11   entitled to relief; and (3) a demand for the relief sought, which may include relief in the

12   alternative or different types of relief."  Each allegation must be simple, concise, and direct.  Rule

13   8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds)

14   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

15   litigation on the merits of a claim.").

16         A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient

17   facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir.

18   2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

19   assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

20   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

21   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, a complaint "must

23   contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

24   face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

26         When considering whether a complaint states a claim upon which relief can be granted,

27   the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S.

28   89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan

1   v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true

2   "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

3   or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v.

4   CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

5        II.      Complaint

6        Plaintiff alleges Federal Tort Claims Act violations and constitutional violations against

7   the Federal Bureau of Investigations (FBI), the Central Intelligence Agency (CIA), the Drug

8   Enforcement Agency (DEA), and the Shasta Area Safety Communications Agency (SHASCOM).

9   (ECF No. 1 at 3-4.)  The complaint consists of nearly six handwritten pages and is difficult to

10  understand.  However, the crux of plaintiff's complaint appears to be SHASCOM's alleged

11  interference in her relationship with her husband Mark.  As best as the court can determine,

12  plaintiff alleges she was told by a dispatcher, "we are not waking Mark up in the middle of the

13  night to come pick you up you don't sound like you are in distress to me go get a job!!!!".  (Id. at

14  6.)  A Redding Police dispatcher informed plaintiff that her husband does not want any contact

15  with her.  (Id.)  The complaint does not indicate the context of the phone call to the SHASCOM,

16  such as why plaintiff made the phone call.  Further, although the FBI, CIA, and DEA are named

17  as defendants in the complaint, the complaint does not make any allegations about these federal

18  agencies, except for the vague statement "these federal agencies are 100% aware of the $ amount

19  what they did".  (Id. at 2.)

20        Plaintiff seeks damages associated with the loss of her relationship with her husband and

21  demands "150 999 billion dollars" in damages, half in the form of a check and half in the form of

22  pre-paid visa gift cards.  (Id.)

23        III.     Analysis

24             A.  Claims against federal agencies

25        Plaintiff's complaint fails to state claims against any of the federal agencies named as

26  defendants in the complaint (the FBI, CIA, and DEA).  The only reference to the FBI, CIA, and

27  DEA, apart from being named as defendants, is the statement that "these federal agencies are

28

100% aware of the $ amount what they did".[2]  (ECF No. 1 at 2.)  This statement is so vague that the court cannot infer any cognizable claim from it.  Because plaintiff has not alleged sufficient facts from which the court can infer a cognizable claim against the named federal agencies, plaintiff's complaint fails to state a claim against these defendants.  In any amended complaint, plaintiff should state what actions or omissions each of these federal agencies took that lead to her conclude her rights were violated.

### B.  Claims against local agencies

Plaintiff's complaint fails to state claims against Shasta Area Safety Communications Agency (SHASCOM-911) and the Redding Police Department.[3]  Title 42 U.S.C. § 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980).  "[L]ocal-government entities are considered 'persons' under Section 1983 and therefore may be liable for causing a constitutional deprivation."  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).  In order to state a claim for relief under Section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Plaintiff has provided very little information about her phone call with SHASCOM, and not nearly enough for the court to infer that a constitutional violation of any kind occurred.  Accordingly, plaintiff has not stated a claim against SHASCOM-911 or the Redding Police Department.[4]

---

[2] Plaintiff cites to the Federal Tort Claims Act (FTCA) as the basis for the complaint.  Plaintiff is informed that to state a cognizable claim pursuant to the FTCA, plaintiff must affirmatively allege the timely filing of an administrative claim. See McNeil v. United States, 508 U.S. 106, 111 (1993).

[3] The Redding Police Department is not named as a defendant.  However, because the court construes complaints by pro se individuals liberally, and plaintiff's complaint discusses statements by the Redding Police Department, the court addresses claims against the Redding Police Department in its analysis.

[4] Local government entities are only liable "for injuries that arise from an official policy or longstanding custom."  Monell, 436 U.S. at 694.  In any amended complaint, if plaintiff continues to seek relief from a local agency under Section 1983, plaintiff must allege the existence of a

In light of plaintiff's pro se status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.  See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).  Accordingly, in any amended complaint, plaintiff should allege facts that link each named defendant to a particular constitutional violation.

If plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "First Amended Complaint" and should address the defects in the complaint.  However, the statement of the claim should be kept relatively "short."  Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Finally, nothing in this order requires plaintiff to file a an amended complaint.  If plaintiff determines that she is unable to amend the complaint in compliance with the court's order, she may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis is GRANTED;

2.  Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

////

////

////

////

////

_____

longstanding policy or custom that resulted in a constitutional violation.

5

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  June 29, 2023

_Kendall J. Newman_

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sche.0184